UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

-------------------------------------------------------------------

**ZUFFA, LLC d/b/a Ultimate Fighting**
**Championship,**

Plaintiff,

-against-

ERIC CASTELLANOS and VICTORIA CASTELLANOS,
Individually, and as officers, directors, shareholders,
principals, managers and/or members of BEARDS AND
BREWS LLC,

and

BEARDS AND BREWS LLC,

Defendants.

----------------------------------------------------------------------

**COMPLAINT**

Civil Action No.

Plaintiff, ZUFFA, LLC d/b/a Ultimate Fighting Championship (hereinafter "Plaintiff"), by its attorneys, Danz Law, PLLC, complaining of the Defendants herein respectfully sets forth and alleges, as follows:

## JURISDICTION AND VENUE

1.  This is a civil action seeking damages for violation of 47 U.S.C. §§ 553 or 605, et seq. and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.) and 15 U.S.C. § 1125(a).

2.  This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3.  Upon information and belief, venue is proper in this court because, inter alia, a substantial part of the events or omissions giving rise to the claim occurred within Monroe County, which is within the Southern District of Florida, Key West Division (28 U.S.C. § 1391(b) and 28 U.S.C. §89(c)).

4. This Court has personal jurisdiction over the parties in this action.  Defendants to this action had or have an agent or agents who has or had independently transacted business in the State of Florida and certain activities of Defendants giving rise to this action took place in the State of Florida; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the encrypted satellite, radio, wired or internet streamed (IPTV) broadcast within the State of Florida.  Moreover, upon information and belief, Defendants have their principal place of business within the State of Florida; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5.  The Plaintiff is a Nevada Limited Liability Company with its principal place of business located at 6650 S. Torrey Pines Drive, Las Vegas, Nevada 89118 and duly registered to do business in the State of Florida.

6.  Plaintiff is the owner of the UFC 298 - Volkanovski vs. Topuria PPV Broadcast which occurred on February 17, 2024, including all undercard matches and the entire television Broadcast, via encrypted closed circuit television, encrypted satellite,

radio signals and/or digital streaming technology (hereinafter referred to as the "Broadcast").

7.  Upon information and belief the Defendant, ERIC CASTELLANOS, resides at 2904 Harris Ave., Key West, FL 33040.

8.  Upon information and belief the Defendant, VICTORIA CASTELLANOS, resides at 2904 Harris Ave., Key West, FL 33040.

9.  Upon information and belief the Defendants, ERIC CASTELLANOS and VICTORIA CASTELLANOS, were the officers, directors, shareholders, principals, managers and/or members of BEARDS AND BREWS LLC located at 5450 Macdonald Ave, Unit 6, Key West, FL 33040. The Florida Secretary of State records reflect that VICTORIA CASTELLANOS is the manager of BEARDS AND BREWS LLC and the business website https://beardsbrews.com/key-west-professional-barbers state that ERIC CASTELLANOS and VICTORIA CASTELLANOS are the owners and operators of BEARDS AND BREWS LLC. Please see Exhibit "A" & A-1"attached hereto.

10.  Upon information and belief the Defendants, ERIC CASTELLANOS and VICTORIA CASTELLANOS, were the individuals with supervisory capacity and control over the activities occurring within the establishment known as BEARDS AND BREWS LLC, located at 5450 Macdonald Ave, Unit 6, Key West, FL 33040.

11.  Upon information and belief the Defendants, ERIC CASTELLANOS and VICTORIA CASTELLANOS, received a financial benefit from the operations of BEARDS AND BREWS LLC, on February 17, 2024.

-3-

12.   Upon information and belief, Defendants, ERIC CASTELLANOS and VICTORIA CASTELLANOS, were the individuals with close control over the internal operating procedures and employment practices of BEARDS AND BREWS LLC, on February 17, 2024.

13.   Upon information and belief the Defendant, BEARDS AND BREWS LLC, is a limited liability company licensed to do business in the State of Florida and as was doing business as under the trade or fictitious name BEARD AND BREWS BARBERSHOP & BAR.

14.   Upon information and belief, the Defendant, BEARDS AND BREWS LLC, is located at 5450 Macdonald Ave, Unit 6, Key West, FL 33040, and was open to the public on February 17, 2024.

15.   Upon information and belief, Defendants, *jointly and severally,* created an advertisement/post on the **Beards & Brews Bar and Barbershop** Facebook account on February 16, 2024 stating: "**Come out tomorrow night to watch UFC 298 @beardsandbrewsbarbershopandbar**".  Please see below image and Exhibit "B" attached hereto.



16.    Upon information and belief, Defendants, *jointly and severally,* created an advertisement/post on the **@beardsandbrewsbarbershopandbar** Instagram account on or about February 16, 2024 for a: "**Come out tomorrow night to watch UFC 298 @beardsandbrewsbarbershopandbar**".  Please see below image of the Instagram post and Exhibit "B-1" attached hereto.



17.    Upon information and belief, Defendants, *jointly and severally*, received a commercial benefit by not paying the commercial licensing fee to the Plaintiff for the Broadcast and obtaining same through alternative, illegal and unauthorized means and exhibiting within BEARD AND BREWS BARBERSHOP & BAR on or about February 17, 2024.

## COUNT I

18.   Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "17," inclusive, as though set forth herein at length.

19.   Plaintiff is the owner of the UFC 298 - Volkanovski vs. Topuria PPV Broadcast, including all undercard matches and the entire television Broadcast, which occurred on February 17, 2024, via encrypted closed-circuit television, encrypted satellite, radio signals and/or digital streaming technology over the internet (IPTV).

20.   Plaintiff's broadcast originated via encrypted closed circuit television, encrypted satellite, radio signals and/or digital streaming technology over the internet (IPTV) and was subsequently re-transmitted via Cable and/or satellite television or internet protocol streaming technology ("IPTV") over Content Distribution Networks ("CDN's) such as satellite, cable or digital streaming technology.

21.   Plaintiff, for a licensing fee, entered into licensing agreements with numerous businesses in the State of Florida, allowing them to publicly exhibit the Broadcast to their patrons. Upon payment of the appropriate fees, Plaintiff authorized and enabled subscribers to access and display a decrypted signal of the Broadcast.

22.   The Broadcast was also available for non-commercial, private viewing for Pay-Per-View purchase and consumption via the internet. Owners of commercial establishments wishing to avoid paying Plaintiff's licensing fees can surreptitiously gain access to Plaintiff's Broadcasts by purchasing the programming through streaming apps or websites, without proper authorization, at residential rates, which are greatly

discounted compared to the rates required for commercial entities and exhibit those broadcasts for their own commercial benefit and gain.

23.  In order for anyone to obtain the Broadcast through a website intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for **non-commercial, personal use only.**

24.  Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, unlawfully intercepted, received and/or de-scrambled Plaintiff's encrypted  signal and did exhibit the Broadcast at BEARDS AND BREWS LLC located at 5450 Macdonald Ave, Unit 6, Key West, FL 33040 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

25. Defendants exhibition was willful as verified by their post on Beards & Brews Bar and Barbershop's Facebook Account and *@beardandbrewsbarbershopandbar's* Instagram Account. Please see Exhibits "B" & "B-1" attached hereto.

26. Upon information and belief, Plaintiff alleges that Defendants engaged in the illegal interception and receipt of Plaintiff's Broadcast by ordering programming intended for private, non-commercial use, paying a private use license fee  and subsequently displayed it in the commercial establishment known as BEARDS AND BREWS LLC at 5450 Macdonald Ave, Unit 6, Key West, FL 33040 at the time of its transmission

willfully and for purposes of direct or indirect commercial advantage or private financial gain and without authorization, or by such other means which are unknown to Plaintiffs and known only to Defendants.

27. Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via encrypted satellite, cable or wired or wireless streaming radio signal technology, and then re-transmitted via Content Distribution Networks ("CDN's") such as satellite, cable or digital streaming technology.

28. There are multiple illegal and unauthorized  methods of accessing the Broadcast, including but not limited to the traditional ways of pirating a broadcast (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment, decrypting unscrambling and receiving the closed circuit, "IPTV", cable or satellite Broadcast; (2) commercially misusing the residential cable, satellite or IPTV internet radio signals  by registering as a residence when it is, in fact, a business; or (3) taking a lawfully obtained cable, IPTV or other streaming or satellite reception and decryption device or acquiring international Free-To-Air (FTA) broadcast signals emanating from outside the United States, into a business. (4) misusing a residential digital stream acquired or intercepted from an over-the-top "OTT" technologies, used for the delivery of film and TV content via the internet, (5) Live or near-live Social Media Streaming or  (6) Live Streaming Apps.  The misuse of OTT

technology can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world.

29. Each of the above-described methods would allow Defendants to access the Broadcast unlawfully and without Plaintiffs authorization. Prior to engaging in discovery, Plaintiff is unable to determine the way Defendants obtained the Broadcast. However, it is logical to conclude that Defendants utilized one or more of the above-described methods intercept and exhibit the encrypted radio signal Broadcast within BEARDS AND BREWS LLC at 5450 Macdonald Ave, Unit 6, Key West, FL 33040 without a license and without paying a license fee.

30. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of radio communications such as the Broadcast transmission at issue in this litigation.

31. By reason of the conduct, the aforementioned Defendants willfully violated 47 U.S.C. §605 (a).

32. By reason of the Defendants violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

33. As a result of the Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each Defendants.

34. Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

35.  Plaintiff hereby incorporates paragraphs "1" through "17" as though fully set forth herein.

36.  Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendant and/or his agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

37.  47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights as to commercial establishments thereto.

38. A significant amount of internet service in the United States is provided by Internet Service Providers ("ISP'S") who deliver and receive internet data transmissions via a combination of satellite and radio signals which are delivered to end-users via coaxial cable, fiber optic cable and telephone lines.

39.  Upon information and belief, the Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

40.  By reason of the conduct, all of the aforementioned Defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

-10-

41.   As a result of the aforementioned Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages, in an amount in the discretion of this Court, under §553(c)(3)(A)(ii), enhanced damages under 553(c)(3)(B) and the recovery of reasonable attorney's fees and costs under §553(c)(2)(C).

## COUNT III

42.   Plaintiff hereby incorporates paragraphs "1" through "17" as though fully set forth herein.

43.   Plaintiff, is the copyright owner of the exclusive rights of distribution and public performance to the broadcast, including all undercard matches and the entire television Broadcast of UFC 298 - Volkanovski vs. Topuria PPV Broadcast on February 17, 2024.  The Certificate of Registration was filed with the U.S. Copyright Office.

44.   As a copyright holder of the rights to the UFC 298 - Volkanovski vs. Topuria PPV Broadcast, Plaintiff has rights to the Broadcast, including the right of distribution and exhibition licensing to commercial establishments.

45.   Defendants never obtained the proper authority or license from Plaintiff, or its exclusive commercial distributor, Joe Hand Promotions, Inc., to publicly exhibit the UFC 298 - Volkanovski vs. Topuria PPV Broadcast on February 17, 2024.

46.   Upon information and belief, the Defendants and/or their agents, servants, workers and employees unlawfully obtained the program through fraud and/or intercepted the UFC 298 - Volkanovski vs. Topuria PPV Broadcast, thereby enabling Defendants to

publicly exhibit the Broadcast without o a license for public performance or paying the appropriate licensing fee to Plaintiff.

47.  By reason of the aforementioned conduct, the Defendants willfully violated 17 U.S.C. §501(a).

48.  By reason of the aforementioned Defendants' violation of 17 U.S.C. §501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. §501 (b).

49.  As a result of Defendants' willful infringement of Plaintiff's copyrights and exclusive rights under copyright, as Defendant advertised and subsequently displayed Plaintiff's Broadcast. Plaintiff is entitled to actual damages, in the discretion of this Court, under 17 U.S.C. §504(b).

50.  Plaintiff is further entitled to its attorney's fees and costs pursuant to 17 U.S.C. §505.

**<u>COUNT IV</u>**

51. Plaintiff hereby incorporates paragraphs "1" through "17" as though fully set forth herein.

52. The Defendants are making statements on the internet, and in their advertising and promotion material that are materially false and likely to cause consumer confusion, mistake or deception as to the legality of their right to publicly exhibit Plaintiff's Broadcast. See Exhibits "B" & "B-1" to Complaint.

53. Defendants representations are material and deceptive misrepresentations upon which consumers have and will rely upon.  The Defendants' actions mislead,

-12-

deceive and harm legitimate customers of Plaintiff and consumers as well as damage
Plaintiff's good name and reputation in violation of Section 43(a) of the Lanham Act, 15
U.S.C. § 1125(a).

54. Plaintiff markets and sells their Broadcast and other sporting events to
commercial establishments in Florida. Once a customer purchases a commercial license,
they are given the right to use Plaintiff's advertisements and fight posters to promote their
right to exhibit the Broadcast.

55. Upon Information and belief, establishments that pirate Plaintiff's Broadcast
and advertisement of Plaintiff's Broadcast to show in their establishment without having
the legal right to publicly exhibit same is misleading and impacts the decision of an
establishment to pay the licensing fee when the unfair competition by false advertising of
the Defendant herein impacts their business choices.

56. Upon information and belief, Plaintiff has been injured by the False
Advertising of Defendant.

57. Defendants' acts were undertaken willfully and deliberately and with the
intention of causing confusion, mistake, or deception.

58. As a direct and proximate result of the Defendants' actions, Plaintiff has
suffered substantial damages and has suffered and will continue to suffer irreparable harm
unless the Defendants are preliminarily and permanently enjoined.

59. Plaintiff has no adequate remedy at law and seeks damages subject to the
principles of equity, to recover (1) defendant's profits, both actual and engorgement (2)

any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a).

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against the Defendant, *jointly and severally,* granting to Plaintiff the following:

(a) Declare that Defendant's unauthorized exhibition of the February 17, 2024, UFC 298 - Volkanovski vs. Topuria PPV Broadcast**,** violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain, as Defendant advertised and subsequently displayed Plaintiff's Broadcast.

(b)  On the first cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, for a recovery between $1,000 and $10,000 as to each Defendant pursuant to 47 U.S.C. §605 and enhanced damages of up to $100,000.00 for each defendant, *jointly and severally*, for their willful violation of 47 U.S.C. §605; and

(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up to the maximum amount of $10,000.00 as to each Defendant for their

violation of 47 U.S.C. §553 and enhanced damages of up to $50,000.00 for their willful violation of 47 U.S.C. §553.

(d) On the third cause of action, actual damages suffered by Plaintiff and any profits of Defendants, *jointly and severally*, under 17 U.S.C. §504(b)

 (e) An injunction prohibiting defendants from receiving, transmitting, and exhibiting Plaintiff's programming publicly without commercial license.

(f) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii); and

(g) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. §553 (c)(2)(C).

(h) Attorney's fees and costs pursuant to 17 U.S.C. §505.

(g) Defendant's profits, both actual and engorgement, all damages sustained by the plaintiff, and the costs of the action pursuant to 15 U.S.C. § 1117(a).


Dated: August 22, 2024
          Davie, Florida

                                     **ZUFFA, LLC D/B/A ULTIMATE FIGHTING CHAMPIONSHIP**

                                     By: /s/Alan D. Danz
                                     ALAN D. DANZ, ESQ.
                                     Florida Bar No. 0948934
                                     Danz Law, PLLC
                                     15951 S.W. 41st Street, Suite 800
                                     Davie, FL 33331

Telephone: (954)530-9245
Facsimile: (954)616-5738
Email: danz@danzlaw.net,
legal@signallaw.com
*LLO File No. ZU24-02FL-01*

DIVISION OF CORPORATIONS



Department of State / Division of Corporations / Search Records / Search by Entity Name /

## Detail by Entity Name

Florida Limited Liability Company
BEARDS & BREWS, LLC

**Filing Information**

**Document Number**        L16000049854

**FEI/EIN Number**         81-1888653

**Date Filed**             03/10/2016

**State**                  FL

**Status**                 ACTIVE

**Principal Address**

5450 MacDonald Avenue, Unit 6
Stock Island, FL 33040

Changed: 01/28/2019

**Mailing Address**

2904 Harris Ave
Key West, FL 33040

Changed: 03/24/2022

**Registered Agent Name & Address**

McChesney, Richard J.
500 Fleming Street
Key West, FL 33040

Name Changed: 04/24/2018

Address Changed: 04/24/2018

**Authorized Person(s) Detail**

**Name & Address**

Title Manager

Castellanos, Victoria
2904 Harris Ave
Key West, FL 33040

**Annual Reports**                    Exhibit A



Home    Beards    Brews    Meet The Team    Event Space    Contact Us    Book Now



Exhibit A-1

# Eric and Victoria (Vicky)

Owner & Operators, Eric and Victoria are married and have been together 25 years!

They have been in the services industry for over 25 years! One day they decided to open their own establishment and started with their first venture and opened Stock Island Fades & Spa in 2007 which later became Stock Island Fades & Tattoos for the coming years. In 2013 they opened Flow Spa, a full day spa specializing in massage therapy, facials, body treatments and more. In 2016 they opened a new barbershop venture called Addisons Barber Parlor. Addisons was a combination of the names of their children, daughter Addy and 2 sons (Darian & Sergio) giving the name Addisons.

In 2015 they had the vision of creating Beards & Brews. It was a lot of work but through hard work and determination anything is possible! In 2020 Beards & Brews opened their doors and they were able to consolidate all of the barbershops to concentrate on the new venture Beard's & Brews. Stock Island fades closed in 2019 and Addisons in 2021. While physical locations are gone neither of the barbershops are really closed since our barbers from both shops are with us at Beards & Brews and continue to provide our clients with same quality service. We took the best of both shops and came up with an aquatic steampunk idea that has a reverse play on a speak easy, where you enter the bar looking for the barbershop versus looking for the bar while entering the barbershop.

Beards and Brews is a beer & wine bar also serving Saki and craft cocktails. We have a pool table and host a wide variety of events such as sporting events NFL, Boxing, UFC fight passes, and more.

If you would like to host your next event at the bar, give us a call and we would be happy to help you further 305.434.6480.

If you are in need of free couples therapy you can find them behind the bar most days! HAHAHA!



**Beards & Brews Bar and Barbershop**

## Intro

"Home of the Stock Island Fades"
Beards & Brews Premiere Barbershop & Bar of the Florida Keys

ⓘ Page · Barber Shop

◈ 5450 Macdonald Ave #6, Key West, FL, United States, Florida

📞 (305) 292-1460

✉ beardsbrews@gmail.com

🌐 beardsbrews.com

🕐 Open now ﹀

$ Price Range · $$

★ Rating · 4.6 (190 Reviews) ⓘ

## Photos

See all photos



## Posts

Filters

 **Beards & Brews Bar and Barbershop** is at **Beards & Brews Bar and Barbershop**.
February 16 at 12:30 PM · Key West, FL · 🌐    ···

Come on out tomorrow night to watch UFC 298 @beardsandbrewsbarbershopandbar



Exhibit B

 1                                                              1 share



 beardsandbrewsbarbershopandbar · Follow
Beards & Brews Bar and Barbershop

 beardsandbrewsbarbershopandbar Come on out tomorrow night to watch UFC 298 @beardsandbrewsbarbershopandbar

1w

Exhibit B-1



7 likes
February 16

 Add a comment...                                    Post